## Glentworth's Estate.

*Will—Direction to sell real estate—Distribution under the intestate law—Conversion—Intention.*

Where a testatrix possessed of real estate ex parte paterna directs her executor to sell all of her real estate, and distribute the proceeds thereof to such persons as would be entitled thereto, under the intestate laws, and in another and separate clause of her will, gives and bequeaths her personal property to such persons as would be entitled under the intestate laws, the direction to sell the real estate does not work a conversion of it into personalty so as to change the course of inheritances.

In such a case, the direction to sell was merely for convenience of distribution, and as conversion never operates except to carry out the intention of the testator, it could not in this case alter the course of inheritance.

Argued April 1, 1908. Appeal, No. 94, Jan. T., 1908, by Caleb Rubincam et al., from decree of O. C. Phila. Co., April T., 1907, No. 156, dismissing exceptions to adjudication in Estate of Annie E. Glentworth, deceased. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication of ASHMAN, P. J.

From the adjudication it appeared that the decedent died on January 28, 1906, leaving to survive her Caleb Rubincam and William M. Thomas, cousins ex parte paterna, and Fran-

ces S. Buckingham and Andrew A. Butler, cousins ex parte materna. The portions of the will material to the questions involved are quoted in the opinion of the Supreme Court.

The auditing judge, ASHMAN, P. J., held that the will worked a conversion of the real estate, and awarded a portion of the proceeds of the sale of the real estate to the cousins ex parte materna. The cousins ex parte paterna filed exceptions to the adjudication.

The court in an opinion by ANDERSON, J., PENROSE, J., dissenting, dismissed the exceptions.

*Error assigned* was in dismissing exceptions to adjudication.

*Joseph B. Townsend*, of *Townsend, Elliott & Townsend*, with him *John J. Gheen*, for appellants, cited: Rudy's Est., 6 Pa. Dist. Rep. 246; Worsley's Est., 36 W. N. C. 247; Shedden's App., 210 Pa. 82; Yerkes v. Yerkes, 200 Pa. 419.

*C. M. Bowman*, for appellees, cited: Keim's Est., 201 Pa. 609; Burr v. Sim, 1 Wharton, 252; Simpson v. Kelso, 8 Watts, 247; McClure's App., 72 Pa. 414; Eby's App., 84 Pa. 241; Dolflein's Est., 16 Pa. Dist. Rep. 173; Shedden's Est., 210 Pa. 82; Rudy's Est., 6 Pa. Dist. Rep. 246; Worsley's Est., 36 W. N. C. 247; Perot's App., 102 Pa. 235.

PER CURIAM, May 11, 1908:

The testatrix was possessed of both real and personal property, the former having come to her ex parte paterna. She knew the difference and had it in mind when she made her will, for she made a separate clause in regard to each class. For the real estate she directed that her executor should sell "all my real estate . . . . and distribute the proceeds thereof to and among such persons and in such shares as would be entitled thereto under the intestate laws of the State of Pennsylvania," while for the personalty her direction was, "Third. All of my personal property wheresoever found I give and bequeath to such persons and in such shares as would be entitled under the intestate laws of Pennsylvania, and I request my executor to distribute the same as rapidly as possible."

It is manifest that the testatrix had no intention of making

a common fund for a common distribution. When she directed the sale of the real estate and the distribution of the proceeds, she meant the real estate as it was to her in her lifetime, with no intent to change the course of inheritance, but the proceeds to go to those who would be entitled to inherit the land. If she had designated the devisees of the proceeds by name they would clearly have had the right to elect to take the land as land, with no standing at all for other relatives to claim. She did not name the devisees, but she designated them as a class as clearly as if by name. The direction to sell was merely for convenience of distribution, and as conversion never operates except to carry out the intention of the testator, it could not in this case alter the course of inheritance.

On the other hand, when she was disposing of her personal property, she " gave and bequeathed" it directly to such persons and in such shares as would be entitled under the intestate laws. It is plain that she was intentionally dealing with a different class of property and a different set of beneficiaries.

Decree reversed and distribution ordered to be made in accordance with this opinion.